

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2006

# Prawira v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2559

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Prawira v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1377.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1377

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  05-2559

———————

SENO PRAWIRA,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

———————

On Petition for Review of an Order of
The Board of Immigration Appeals
(No. A95-369-188)

———————

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2006

Before: RENDELL and AMBRO, Circuit Judges,
and SHAPIRO,* District Judge

(Opinion filed:  March 28, 2006)

———————

OPINION

———————

AMBRO, Circuit Judge

_____

*Honorable Norma L. Shapiro, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Seno Prawira petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA" or "Board") that affirmed without opinion the denial by an Immigration Judge ("IJ") of Prawira's applications for political asylum, withholding of removal, and relief under Article III of the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Prawira asserts that the BIA's decision is not supported by substantial evidence. For the reasons set forth below, we deny the petition.

I.

Prawira is ethnically Chinese, Christian, and a native and citizen of Indonesia. He was admitted into the United States as a non-immigrant visitor on December 12, 2000, and was authorized to remain until June 11, 2001. When he overstayed, the Immigration and Naturalization Service ("INS") issued Prawira a notice to appear, charging him as removable for staying beyond his visa without authorization from the INS pursuant to 8 U.S.C. § 1227(a)(1)(B).[1] Prawira conceded his removability and requested relief in the form of asylum, withholding of removal, protection under the CAT, and, in the alternative, voluntary departure. Prawira alleged a lifetime of harassment and mistreatment in Indonesia because of his ethnicity and religion.

---

[1]On March 1, 2003, the INS's functions were transferred to the United States Department of Homeland Security ("DHS"). *See Knapik v. Ashcroft*, 384 F.3d 84, 86 n. 2 (3d Cir.2004) (citing Homeland Security Act of 2002, Pub.L. No. 107-296, §§ 441, 451 & 471, 116 Stat. 2135, codified at 6 U.S.C. §§ 251, 271 & 291). Because the operative events in this case began before the transfer of functions, INS is used here.

On November 12, 2003, the IJ found Prawira was not eligible for a discretionary grant of asylum, and Prawira therefore failed to meet the higher standard of proof required for withholding of removal. The IJ found Prawira's testimony to be credible, but concluded that he had not presented even "a scintilla of evidence" of past persecution on any of the protected grounds. Even assuming that past persecution had been established, the IJ noted that Prawira could avoid future persecution by relocating within Indonesia. The IJ also found Prawira had failed to prove he would be tortured if he is returned to Indonesia. Finally, in light of Prawira's stated refusal to depart the United States, the IJ declined to permit voluntary departure and ordered him removed to Indonesia.

Prawira appealed the IJ's decision to the BIA and the Board affirmed without opinion. This petition for review followed.[2]

II.

In his petition, Prawira argues that the IJ's denials of asylum and withholding of removal are not supported by substantial evidence.[3] As we write for the parties, we need

---

[2] We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1). When, as here, the BIA adopts the IJ's opinion, it is the decision of the IJ that we review. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).

[3] Prawira's petition for review focuses on his claims for asylum and withholding of removal and makes no specific argument that the BIA's denials of his claims for CAT protection and voluntary departure were incorrect. We therefore deem those claims waived and address only the asylum and withholding claims. *Konan v. Attny. Gen. of the U.S.*, 432 F.3d 497, 500 n.2 (3d Cir. 2005).

3

not detail the facts of this case. An alien is eligible for a discretionary grant of asylum if he or she qualifies as a refugee under the INA. 8 U.S.C. § 1158(b)(1). A refugee is an alien who is "unable or unwilling" to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A), that is "committed by the government or forces the government is either unable or unwilling to control." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003). Aliens have the burden of supporting their asylum claims. *Vente v. Gonzales*, 415 F.3d 296, 300 (3d Cir. 2005). Under some circumstances, credible testimony alone will meet this burden. 8 C.F.R. § 208.13(a); *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003). Whether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard. *Voci v. Gonzales*, 409 F.3d 607, 613 (3d Cir. 2005). We must affirm the agency's finding unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Whereas asylum is discretionary, withholding of removal under 8 U.S.C. § 1231(b)(3)(A) is mandatory if the applicant meets a more stringent standard – that it is "more likely than not" that he or she will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion if deported to his or her home country. *Singh v. Gonzales*, 406 F.3d 191, 196 (3d Cir. 2005). Whether an

4

applicant has met the standard for withholding of removal is also a decision that is reviewed for substantial evidence. *Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir. 2003).

The IJ concluded that Prawira had not demonstrated past persecution because some of the incidents of which Prawira complained had occurred when he was a child, over fifty years ago; the more recent incidents he described were isolated and were not severe enough to constitute persecution; and there was no evidence that the Indonesian government was unwilling or unable to help protect Christian, ethnically Chinese Indonesians. The IJ further concluded that, even assuming Prawira had established past persecution, he could avoid future persecution by relocating within Indonesia to the town where his wife and children currently live, as there was no evidence that Prawira or his family had ever had problems in that locale.

Prawira argues that the IJ's conclusions were not supported by substantial evidence because any reasonable adjudicator would be compelled to conclude that the almost complete destruction of Prawira's church by Muslim Indonesians amounted to persecution; State Department country reports demonstrate that inter-religious violence in Indonesia is not limited to regions of the country characterized as "far-flung" by the IJ; and the country reports also demonstrate that the Indonesian government is ineffective at deterring religiously motivated violence.

We do not believe it necessary to review the IJ's characterization of the conditions

in Indonesia, as we hold that the evidence does not compel the conclusion that Prawira's experiences rise to the level of persecution. Our Court has defined persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005). There is substantial evidence to support the conclusion that, even if the country conditions were as described by Prawira, his testimony would not compel any reasonable fact finder to conclude that he established the "individualized risk of persecution" necessary for asylum. *See Lie*, 396 F.3d at 537 (holding there was substantial evidence to support denial of asylum when, *inter alia*, alien provided "little evidence that [she] would face an individualized risk of persecution any more severe than that faced by her family members or other Chinese Christians in Indonesia"). There is also substantial evidence to support the IJ's conclusion that Prawira could avoid future persecution by relocating to the location within Indonesia where his wife and children reside.

Thus, the conclusion that Prawira neither was persecuted nor has a well-founded fear of persecution in Indonesia is supported by substantial evidence. Moreover, because he failed to establish eligibility for asylum, he necessarily also failed to meet the more stringent standard for showing a "clear probability of persecution" to be eligible for withholding of deportation. *Paripovic v. Gonzales*, 418 F.3d 240, 246 (3d Cir. 2005).

\*     \*     \*     \*     \*

For the reasons stated above, we will deny Prawira's petition for review.

6